# UNITED STATES DISTRICT COURT

EASTERN  District of  MICHIGAN

UNITED STATES OF AMERICA
V.
KAUBA SIMPSON,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   4:06-CR-30484-FL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-©, or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924©.

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that
detention is appropriate in this matter. The information presented at the hearing reveals that although the defendant has family members that reside in this district, he lacks a stable place of residence. It further appears that he has a negative employment history. The report of the Pretrial Officer indicates also that the defendant has admitted to the use of cocaine as recently as October 16, 2006, and marijuana on October 21, 2006. The record should also reflect that at the time of his arrest, the defendant was in the possession of a loaded handgun, and that he resisted being arrested by authorities. Based upon the foregoing information, I find that the defendant poses both a danger to the community due to the nature of the charges against him, as well as a flight risk. He shall be detained without bond pending trial in this matter. IT IS SO ORDERED.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date: October 31, 2006

s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.  U.S. MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or © Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification of such filing to the following: James C. Mitchell, AUSA, Kenneth R. Sasse, FDO , and I hereby certify that I have mailed by United States Postal Service/hand delivered the paper to the following non-ECF participants:  United States Marshal Service, 600 Church St., Flint, MI, 48502, Pretrial Services Officer, 600 Church St., Flint, MI 48502.

                                                s/James P. Peltier
                                                James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S.District Court
                                                600 Church St.
                                                Flint, MI 48502
                                                810-341-7850
                                                pete_peltier@mied.uscourts.gov